SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS v. O'LOUGHLIN LAND & CATTLE COMPANY.

Decided March 26, 1910.

**Carrier—Failure to Furnish Cars—Sale of Cattle—Measure of Damages.**

When a carrier fails or refuses to furnish cars for the transportation of cattle at the time agreed upon, and the owner of the cattle afterwards and while waiting for the cars sells the cattle, the true measure of damage is the difference between the market value of the cattle at the destination to which they were to have been carried at the time when they would have arrived there if the carrier had performed its contract, and their value at the same time at the place from which they were to have been shipped, less the freight.

Appeal from the District Court of Roberts County. Tried below before Hon. J. W. Grudgington, Special Judge.

*Terry, Cavin & Mills* and *Hoover & Taylor,* for appellant.

*B. M. Baker* and *Willis & Willis,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted on the 9th day of July, 1907, to recover damages because of a negligent failure to furnish twenty-five stock cars at Higgins, Texas, on the 3d day of November, 1906. The cars were ordered of appellant's vice-president and general manager on the 19th day of October, 1906, for the purpose of shipping a large number of cattle belonging to the plaintiff and others, whose claims for damages it has acquired, to Kansas City, Missouri. The evidence further tends to show that the cattle were driven a distance of some ninety miles to Higgins, Texas, and there, on said 3d day of November, tendered to appellant for shipment in good condition, but that the cars were in fact not furnished until the 17th day of November thereafter; that on the third day of November, and on each day thereafter, plaintiff made demand upon the defendant

for the cars, but, being unable to receive assurance of the time when they would be furnished, and realizing that the cattle were rapidly diminishing in value, the plaintiff and those in whose right he sues sold the cattle at Higgins, a part being sold November 7th, a part November 9th and the remainder on November 17, 1906.

The evidence further tends to show that the appellee and said other intending shippers expended certain sums in the care of the cattle during the period of detention. The plaintiff claims damages to the cattle on account of loss of flesh and decline in market, and for necessary expenditures in holding the cattle, in the total sum of one thousand, eight hundred and ninety-two dollars and sixty-four cents. The trial resulted in a verdict and judgment in appellee's favor for the sum of five hundred and sixty dollars, with interest from the date of the judgment.

The evidence supports the conclusions that appellant was guilty of negligence in its failure to furnish cars as applied for on November 3d, and is sufficient to sustain the judgment, save that in rulings upon demurrer and upon objections to the introduction of testimony, and in his charge the court adopted the theory that the plaintiff's measure of damage was the difference, if any, in the actual value of the cattle so tendered for shipment at or near Higgins, Texas, in the condition they were on November 3, 1906, and the actual value at or near Higgins, Texas, in the condition they were on November 7th and other dates at which the cattle were actually sold. In this we think the court erred. Appellee and its assignors elected to treat appellant's obligation to furnish cars as at an end in so far as they were concerned by selling their cattle, and the case is not, therefore, the usual one of delay followed by final transportation. In Hutchinson on Carriers, 2d ed., sec. 774, it is said: "When the carrier enters into a contract to transport the goods, and afterwards refuses to accept or to convey them, it has been held that the true measure of damages to which the owner of the goods is entitled is the difference between the market value at the destination to which they were to have been carried at the time when they would have arrived there if the carrier had performed his contract and their value at the same time at the place from which they were to have been carried, less the freight." It can make no difference that the breach herein complained of was of appellant's common law duty instead of contract. The material question, appellee having 'treated the obligation as at an end, and the cattle being intended for shipment to and sale in Kansas City, Missouri, is whether the measure of appellant's damages is as indicated by the quotation above given, and we think it was. It was so applied in a case similar to the one before us in Inman v. St. Louis & S. W. R. R. Co., 14 Texas Civ. App., 39 (37 S. W., 37), and later by this court in Missouri, K. & T. Ry. Co. of Texas v. Witherspoon, 38 S. W., 833.

Some other questions are presented by the assignments of error, but as they are not likely to arise upon another trial we forbear discussion.

Judgment reversed and the cause remanded.

*Reversed and remanded.*