(92 South. 609)
## CENTRAL OF GEORGIA RY. CO. v. NOLAN LAND & LIVE STOCK CO.
### (5 Div. 820.)

(Supreme Court of Alabama. April 27, 1922.)

1. Carriers ⟨key⟩229(2) — Measure of damages for failure to furnish car for shipment of stock stated.

The measure of damages for failure to furnish a car for shipment of stock subsequently shipped elsewhere was the difference in the value of the stock at the shipping destination at the time they would have arrived and the value at the same time from the place from which they were to be shipped, less freight.

2. Carriers ⟨key⟩228(5)—Evidence held insufficient to determine correct measure of damages for not promptly furnishing car for stock.

In a suit by a shipper for failure of carrier to promptly furnish a car for stock, evidence *held* insufficient for determination as to correct measure of damages.

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Action by the Nolan Land & Live Stock Company against the Central of Georgia Railway Company for damages for failure to ship the stock. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The Nolan Land & Live Stock Company (plaintiff in the court below) on March 25, 1920, notified the agent of the defendant railway company at Alexander City that it desired a car for the shipment of 15 head of horses and mules from Alexander City to Birmingham on March 30, 1920. The agent was also notified that the shipment was to be made in time for the auction sale in Birmingham on April 1, 1920, and that, unless the shipment was made so that the car could reach its destination by that time, it would have to be delayed two weeks for the next auction sale of April 15, 1920. The evidence tends to show that through the negligence of the railway the car was not furnished in time for the shipment of April 1st, and that plaintiff had its stock at the stockpen ready

[1] Ante, p. 155.

for shipment. Plaintiff then took charge of the stock, and kept the same for a period of two weeks, shipping them away on another bill of lading, and brought this suit to recover damages occasioned by such delay in shipment. On the trial before the court without a jury judgment was rendered for the plaintiff, and the defendant prosecutes this appeal.

Barnes & Walker, of Opelika, for appellant.

The material and controlling facts are practically without dispute, and so the court will review the finding of the trial court without any presumptions relative thereto. 205 Ala. 425, 88 South. 423. The court erred in its judgment and in its admission of evidence as to damages. 10 C. J. 192, 309, 313, 311; (Tex. Civ. App.) 131 S. W. 306; Section 5514, Code 1907; 60 Tex. Civ. App. 91, 127 S. W. 568.

D. W. Crawford, of Dadeville, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. This is a suit by the shipper against a common carrier for the latter's failure to promptly furnish a car for the transportation of live stock from Alexander City to Birmingham, Ala., and damages consequent upon the delay in transportation.

The evidence for the plaintiff tends to show due notice to the railroad company for the car and the purpose of shipment by a certain time as well as a breach of duty on the part of the railroad company in failing to furnish the car at the appointed time. The stock was to be shipped for an auction sale in Birmingham on April 1st, and, upon failure to reach that destination by that time, a delay of two weeks would be occasioned—the next auction sale being on April 15th. Of these facts the agent of the railroad was duly notified.

As a predicate for the measure of damages to be recovered the plaintiff proved the cost of caring for and feeding the stock during a period of two weeks, and also offered evidence tending to show the decline in the market price of stock at Birmingham from April 1st to the 15th. The plaintiff proceeded upon the theory that it was entitled to, as damages, the difference between the market value of the stock when they should have arrived at the point of destination and their value at the time of the actual delivery, together with such other incidental damages, such as the expense of feeding and caring for the stock, as naturally and proximately follow from the delay in shipment. 3 Hutchinson on Carriers, § 366; 10 C. J. 311.

[1] To this end the plaintiff should have established by its proof the market value of the stock in Birmingham on April 1st, and

the value on April 15th, and that the stock was shipped to the place of destination; this the plaintiff has failed to do. Indeed, it does not appear to what point or over what route the stock was subsequently shipped, and only evidence is offered tending to show in a general way depreciation in the market value from April 1st to the 15th. If the stock were in fact not shipped to Birmingham, but were shipped and sold elsewhere, the difference in the market value at that point from April 1st to 15th would not be material. If plaintiff (shipper) elected to treat the defendant's obligation to furnish cars at an end, then it would be entitled to recover the difference between the market value at the destination to which the goods were to be carried at the time they would have arrived if the carrier had furnished cars, and their value at the same time from the place from which they were to be shipped, less the freight. 10 Corpus Juris, 77; Southern Kansas Ry. v. O'Loughlin, etc., Co., 60 Tex. Civ. App. 91, 127 S. W. 568; Richey v. North. Pac. k., 110 Minn. 347, 125 N. W. 897; Hutchinson on Carriers, supra, § 1370.

[2] It therefore appears the proof is insufficient for determination as to the correct measure of damages applicable to the plaintiff's case. Appropriate assignments of error present these questions, and it therefore results that the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.