(97 South. 828)

CENTRAL OF GEORGIA RY. CO. v. NOLEN LAND & LIVESTOCK CO.

(5 Div. 861.)

(Supreme Court of Alabama.   Nov. 1, 1923.)

1. Railroads ⊂⊃5½, New, vol. 6A Key-No. Series—Director General not liable on cause of action arising after termination of federal control.

A judgment could not be rendered against the Director General of Railroads where the cause of action arose after March 1, 1920, 12:01 a. m., when the President of the United States relinquished control under Act Cong. Feb. 28, 1920, §.200(a).

2. Evidence ⊂⊃113(14)—Testimony as to damages for failure to furnish stock car held admissible.

In an action for failure to deliver a car on time for shipment of stock, plaintiff's witness was properly permitted to state the market value of the stock at the auction sale to which they were to be shipped and the market value at a later sale, where he attended both and defendant had ample opportunity to cross-examine as to the amount actually received at the last sale.

3. Evidence ⊂⊃113(14)—Repudiation of contract to transport horse held to render testimony of value at intended sale admissible.

Where a railroad failed to furnish a car on time for shipment of stock and, while transporting them later, exchanged a horse for a mule, election to treat the contract to furnish a car for it as terminated rendered admissible testimony as to the market value of such horse at the auction sale where it was to have been sold.

4. Appeal and error ⊂⊃1011(1)—Judgment of lower court on conflicting evidence should not be disturbed.

Where the evidence was conflicting, the judgment of the lower court should not be disturbed.

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Action by the Nolen Land & Livestock Company against the Central of Georgia Railway Company and James C. Davis, as Director General of Railroads. From a judgment for plaintiff against the Central of Georgia Railway Company, that defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Barnes & Walker, of Opelika, for appellant.

Parol evidence is not admissible to an agreement on the part of the carrier to ship on a certain train or at a fixed time, where the contract of shipment, which is in writing, is silent as to the time when the shipment shall be made. In such case the carrier is bound to ship merely in a reasonable time. 10 C. J. 286; Penn. Co. v. Clark, 2

Ind. App. 146, 27 N. E. 586, 28 N. E. 208. Where a carrier fails to furnish cars for the transportation of live stock, and the shipper elects to treat the carrier's obligation to furnish cars as at an end, the measure of damages would be the difference between the market value at destination to which the goods were to be carried, at the time they would have arrived if the carrier had furnished cars, and their value at the same time at the place from which they were to be shipped, less the freight. 10 C. J. 77; So. Kansas Ry. v. O'Loughlin, etc., Co., 60 Tex. Civ. App. 91, 127 S. W. 568; Richey v. Northern Pac. Ry., 110 Minn. 347, 125 N. W. 897; Hutchinson on Carriers, § 1370; Central of Ga. Ry. Co. v. Nolan Land & L. S. Co., 207 Ala. 391, 92 South. 610.

Henry P. White, of Wetumpka, for appellee.

The case was tried by the judge without a jury, and his conclusion of fact will not be disturbed unless palpably wrong. Danal v. State, 14 Ala. App. 97, 71 South. 976; Schlossburg v. Willingham, 17 Ala. App. 678, 88 South. 191; Strickland v. Jackson, 205 Ala. 55, 87 South. 576. One need not be an expert to give evidence of value. Code 1907, § 3960; Jackson v. State, 17 Ala. App. 197, 84 South. 394; Whitehead v. State, 16 Ala. App. 429, 78 South. 467; Cleveland v. Wheeler, 8 Ala. App. 645, 62 South. 309; Andrews v. Frierson, 144 Ala. 470, 39 South. 512. The plaintiff was entitled to recover difference between value at time stock should have arrived at destination and value at time of actual arrival, together with incidental expenses. C. of Ga. v. Nolan Co., 207 Ala. 391, 92 South. 609, 3 Hutchinson on Carriers, § 1366; 10 C. J. 311; Cronan v. St. L. & S. F., 149 Mo. App. 384, 130 S. W. 437; In re Petersen, 21 Fed. 891; Rutland v. So. Ry., 81 S. C. 448, 62 S. E. 865.

MILLER, J. This is a suit brought by Nolen Land & Livestock Company, a corporation, against the Central of Georgia Railway Company, a corporation, and James C. Davis, as Director General of Railroads, for damages for breach of duty to furnish a car for shipment of 15 head of mules and horses from Alexander City, Ala., to Birmingham, Ala., which stock were to be sold at auction on April 1, 1920.

Several counts aver the failure to furnish the car on the date it was ordered, necessitated the holding of the stock at Alexander City until the date of the next auction sale at Birmingham, which was held on April 15, 1920, and that the agent of the defendants was duly notified of these facts when the car was ordered by plaintiff. Between April 1 and April 15, 1920, the market value of stock in Birmingham declined' considerably, and these stock were shipped and sold at auction

sale in Birmingham on April 15 instead of April 1, 1920, on account of this breach of duty of the defendants.

There are six counts in the complaint. Demurrers to count 4 were sustained, and demurrers to counts 1, 2, 3, 5, and 6 were overruled. No question as to the sufficiency of any count of the complaint is raised on this appeal. The defendants plead only the general issue; there is no special defense. The issue was tried by the court without a jury under evidence from witnesses examined orally in the presence of the court. The court assessed the damages of plaintiff at $456.45, rendered judgment in favor of plaintiff and against the defendant Central of Georgia Railway Company, a corporation, for it and the cost of the case. This defendant prosecutes this appeal from that judgment and it is one of the errors assigned.

This is the second appeal to this court of this case. Central of Ga. Ry. Co. v. Nolen Land, etc., Co., 207 Ala. 391, 92 South. 609.

[1] There was no judgment rendered by the court against James C. Davis as Director General of Railroads, which was proper. The alleged cause of action arose after federal control of railroads had terminated, as the possession, operation, and control of this railroad had been relinquished by the President of the United States at 12:01 a. m. March 1, 1920, under an act of Congress. This defendant, under the averments and proof, was not liable for this alleged breach of duty. Section 200 (a) of Transportation Act of Congress of February 28, 1920, volume 41, pt. 1, Public Laws of U. S. Stat. at L. p. 457.

Several counts in the complaint claimed damages for the difference between the market value of the stock at auction on April 1, when the plaintiff intended to sell them, and the market value there at auction on April 15, 1920, when they were sold. Plaintiff claimed damages also in the complaint for reasonable expenses of feeding the stock between the two auction sales.

[2] S. J. Nolen, witness for the plaintiff, and secretary and treasurer of plaintiff, was asked the following question by the plaintiff: "What was the market value of these 15 head of horses and mules at that sale in Birmingham on April 1, 1920?" He answered: "$1,100." He was also asked this question: "What was the market value of those horses and mules on April 15, 1920, the date of next auction sale at Birmingham?" He answered: "$827.50." The defendant objected to those questions and moved to exclude the answers. The court overruled the objections to the questions and refused the motions, and exceptions to the rulings of the court were reserved by the defendant.

There was evidence that an agent of the plaintiff, when the car was ordered from the defendant, notified him that if the car was not furnished in time to get the stock to Birmingham to have them ready for the auction sale

on April 1st, that would necessitate holding the stock, keeping and feeding them until the next auction sale on April 15, 1920. There was evidence tending to show that a car was not furnished the plaintiff at the stock pen at Alexander City in time to ship the stock to Birmingham for them to be ready for the auction sale on April 1st, and there was evidence tending to show the contrary. There was proof that 14 of these 15 head of stock were shipped afterwards to Birmingham over defendant's road, and sold there at auction on April 15, 1920; and the reasonable expense of feeding and caring for 14 head from March 30, 1920, to April 13, 1920, at Alexander City, was $1 each per day. This witness testified he was present at the auction sales on April 1st and 15th in Birmingham, and knew the reasonable market value of these stock at the times and place mentioned. It is clear the market value of the stock at Birmingham was intended by the question, and so understood by the witness. The court did not err in these rulings. This evidence was competent and relevant to the issue. This court so held on the former trial. There was proof that 14 head of this stock were actually sold at the auction on April 15th. The defendant had ample opportunity to cross-examine as to the actual amount received from the sale and whether the witness was testifying as to the market value of the stock at Birmingham on April 1st and 15th. Cent. of Ga. Ry. Co. v. Nolen Land, etc., Co., 207 Ala. 391, 92 South. 609.

In 10 Corpus Juris, p. 77, headnote 28, we find this principle declared applicable to these special damages:

"Special damages arising from a failure to furnish cars are not recoverable in the absence of notice to the carrier of circumstances which would make the special damages the probable result of the failure to furnish cars."

[3] One of the 15 head was not shipped to Birmingham, but was exchanged for a mule at Alexander City about April 1st.

The witness Nolen was asked the following question by plaintiff, over objection and exception of defendant: "Do you know the actual market value at Birmingham at the auction sale on April 1, 1920, of that particular one that was swapped?" He answered: "$75." And the motion of the defendant to exclude the answer was refused by the court. He was asked the following question, over objection and exception of defendant: "What was its market value here at Alexander City immediately after putting them back in the barn?" He answered: "$50." The court refused to exclude this answer, and the defendant accepted. The court did not err in these rulings. It appears from the evidence that the plaintiff elected to treat the obligation of the carrier at an end as to furnishing a car to ship this one head of stock, and this evidence was relevant to go to the jury as to the damages.

The rule as to damages applicable to these facts is declared in 10 Corpus Juris, p. 77, § 76, headnote 21, which was approved by this court on former appeal, and is as follows:

"Where, on failure of the carrier to furnish cars within a reasonable time after demand, the shipper elects to treat the carrier's obligation to furnish cars as at an end and sells the goods, the shipper is entitled to recover the difference between the market value at the destination to which the goods were to be carried at the time they would have arrived if the carrier had furnished cars, and their value at the same time at the place from which they were shipped, less the freight."

The trial court, in overruling objections to these questions and in refusing the motions to exclude these answers, followed the rules as to damages recoverable, declared by this court, applicable to the facts of this case on former appeal; and we are of the opinion the law on that subject was correctly stated in that opinion of the court.

[4] The car reached there on March 29th, and Nolen was notified on March 30th it was there. "He [Nolen] wanted to know what to load for," and the agent of the defendant "told him to load it for the local."

The plaintiff placed the stock in a cattle pen of defendant on March 30, 1920; the car was there then, but it was never placed at the pen for the stock to be loaded by the plaintiff. It was on the track from 90 to 400 yards, according to the different witnesses, from the pen. There was evidence that this local train on the afternoon of March 30th was to place the car at the pen, it was then to be loaded by plaintiff, and the local would then carry it to Birmingham. The defendant issued plaintiff bill of lading for the stock. The local train was "annulled" before it reached this station. The agent of the defendant then made the following indorsements on the bill of lading:

"Original B/L surrendered to M. E. Rawls, agent, March 31 at 4 p. m. Stock turned back to shipper 12 midnight March 30 account local not running."

The 15 head of stock were taken from the railroad pen and placed in plaintiff's barn. Fourteen of them were afterwards, on April 13, 1920, shipped to Birmingham on different bill of lading issued by the defendant.

The evidence is clearly in conflict on some of the material averments in some of the counts of the complaint. There is evidence tending to prove all the averments of some of the counts in the complaint. The court found the issue in favor of plaintiff generally, and referred his finding to no particular count. A recital of the evidence in this opinion to show it tends to prove the averments of at least one of the counts is unnecessary and not required. Neither the judgment nor the amount of it appears from the evidence to be wrong or unjust. The trial judge saw the witnesses, heard them testify, and had better opportu-

nity to pass on the credibility of the testimony than this court. We do not think his conclusion as to the facts and the judgment thereon by the court should be disturbed by us. It is supported and sustained by the evidence.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.